[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-11102

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 28, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-01148 CV-BE-E

PAUL STEADMAN,

Plaintiff-Appellant,

versus

CALHOUN COUNTY BOARD OF EDUCATION,
H. JACKY SPARKS, individually and in his
official capacity as Superintendent,
Calhoun County Board of Education,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(December 28, 2006)**

Before DUBINA and WILSON, Circuit Judges, and CORRIGAN,* District Judge.

PER CURIAM:

_____
*Honorable Timothy J. Corrigan, United States District Judge for the Middle District of Florida, sitting by designation.

Appellant Paul Steadman ("Steadman") was employed by the Walter Wellborn High School ("WWHS") as a physical education teacher, assistant varsity football coach, and head varsity basketball coach. Steadman began working for WWHS in August of 2002, and he was terminated in May of 2004. WWHS is under the direction of the Calhoun County School Board (the "Board"). After his termination, Steadman filed a 10-count complaint alleging (1) race discrimination by association under 42 U.S.C. § 1983, (2) retaliation based on race association under 42 U.S.C. § 1983, (3) retaliation based on exercise of protected speech under 42 U.S.C. § 1983, (4) denial of due process by stigmatization, (5) negligent hiring, (6) negligent retention, (7) negligent supervision, (8) suppression, (9) intentional infliction of emotional distress, and (10) defamation.

More specifically, in his complaint, Steadman claims that WWHS's principal, Ed Whatley ("Whatley"), discriminated against the school's African American students, and that Whatley fired him because of his association with D.G., an African American student at WWHS.

In response to the complaint, the appellees argued that the Board did not renew Steadman's contract because of a faculty realignment resulting from the head football coach Mike Battles's resignation, Steadman's poor job performance,

2

student discipline issues, anticipated loss of teacher units, and Steadman's indication that he would retire at the end of the year.

The district court granted the appellees' motion for summary judgment as to all counts and dismissed the complaint with prejudice.

We review *de novo* the district court's entry of summary judgment, applying the same legal standards as the district court. *Jackson v. State of Alabama State Tenure Comm'n*, 405 F.3d 1276, 1289 (11th Cir. 2005). Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The issues presented on appeal are (1) whether Steadman abandoned his claims by failing to respond to the appellees' summary judgment arguments; and (2) whether the district court erred in entering summary judgment in favor of the appellees on Steadman's claims of discrimination, retaliation, and negligence.

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we affirm the district court's entry of summary judgment in all respects. Although we do not condone the obvious racist remarks made by Whatley, Steadman nevertheless loses this case. It is clear from the record that Steadman abandoned counts two (retaliation based on race discrimination), four (denial of due process by stigmatization), eight (suppression), nine (intentional

3

infliction of emotional distress), and ten (defamation). Moreover, the district court correctly held that the Board was immune in its official capacity from Steadman's § 1983 claims and that Steadman did not present a *prima facie* case of discrimination for exercise of his First Amendment right to association. Additionally, the district court correctly held that Steadman's claim under § 1983 for retaliation for the exercise of free speech fails, as a matter of law, because Steadman's speech was not a matter of public concern.

Finally, the district court correctly held that Article I, § 14 of the Alabama Constitution immunizes the Board from Steadman's state law claims, and that Superintendent Jacky Sparks is due state-agent immunity from Steadman's negligence claims.

AFFIRMED.